IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRADSHAW GENARD NUNNALLY, <br><br> Plaintiff, <br><br> v. <br><br> SECRETARY OF VETERANS AFFAIRS, JUDGE PATRICK R. FOLEY, in his official capacity, MORGAN C. RAGSDALE, in her official capacity, MORTGAGE RESEARCH CENTER, LLC d/b/a VETERANS UNITED HOME LAONS, and LOGS LEGAL GROUP LLP, <br><br> Defendants. | Case No. 26-CV-00102-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Before the Court is an ex parte Emergency Motion for Temporary Restraining Order and Preliminary Injunction filed by *pro se* Plaintiff Bradshaw Genard Nunnally. (Doc. 3). In his Complaint, Nunnally purports to bring claims related to the alleged foreclosure sale of real property located in Belleville, Illinois. (Doc. 2). Nunnally states that he seeks a declaration that his Fourteenth Amendment rights to procedural due process were violated; a declaration that the sale and deed of the real property were constitutionally defective and that eviction without adequate process is unlawful; an order to Quiet Title to the real property in question; and temporary injunctive relief to preserve the status quo of the property at present and halt eviction or dispossession. (*Id.*). Nunnally brings his claims against the Secretary

of Veterans Affairs; Mortgage Research Center, LLC; LOGS Legal Group LLP; Judge Patrick R. Foley; and Clerk Moran C. Ragsdale. (*Id.*). In his Emergency Motion for Temporary Restraining Order and accompanying Memorandum in Support, Nunnally seeks an order from this Court restraining Defendants and their agents from executing or enforcing any writ of possession, conducting or attempting any sheriff lockout or forcible removal, and transferring, recording, conveying, or altering title to the property located in Belleville, Illinois. (Docs. 3, 4). For the following reasons set forth, the Emergency Motion for Temporary Restraining Order and Preliminary Injunction is **DENIED** to the extent he seeks an ex parte Temporary Restraining Order. This Court reserves ruling on Nunnally's Motion insofar as he seeks a preliminary injunction.

## RELEVANT FACTS AND PROCEDURAL HISTORY

Nunnally filed his Complaint on January 30, 2026, purporting to bring claims against Defendants Secretary of Veterans Affairs; Mortgage Research Center, LLC; LOGS Legal Group LLP; Judge Patrick R. Foley; and Clerk Moran C. Ragsdale. (Doc. 2). Nunnally alleges he executed the original mortgage and note for the real property in question located in Belleville, Illinois, and occupies the premises as the homeowner. (*Id.*, ¶ 19). Nunnally alleges that on November 2, 2023, a foreclosure judgment was entered in St. Clair County, and that a judicial foreclosure sale of the property occurred on February 20, 2025. (*Id.*, ¶¶ 20−21). Plaintiff alleges that "notice reasonably calculated to apprise Plaintiff was not provided," and also that he was "personally served in the subsequent eviction action." (*Id.*, ¶¶ 23−24). From this Court, he requests quiet title in his favor pursuant to 28 U.S.C. § 2409a, a declaration

that the foreclosure sale and deed were constitutionally defective, a temporary restraining order and preliminary injunction halting eviction or dispossession, fees and costs pursuant to 42 U.S.C. § 1988, and other relief from this Court as just and equitable. (*Id.*, p. 6). Nunnally filed his Emergency Motion for Temporary Restraining Order and Memorandum in Support on January 30, 2026. (Docs. 3, 4).

### APPLICABLE LEGAL STANDARDS

A preliminary injunction is "an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." *Finch v. Treto*, 82 F.4th 572, 578 (7th Cir. 2023) (quoting *Cassell v. Snyders*, 990 F.3d 539, 544 (7th Cir. 2021)). The purpose of a preliminary injunction is "preserve the relative positions of the parties until a trial on the merits can be held." *Tully v. Okeson*, 78 F.4th 377, 381 (7th Cir. 2023) (quoting *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981)). The issuance of a preliminary injunction should also "minimize the hardship to the parties pending final judgment." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988).

Crucially, "[t]he party seeking a preliminary injunction bears the burden of showing that it is warranted." *Finch*, 82 F.4th at 578 (quoting *Speech First, Inc. v. Killeen*, 968 F.3d 628, 637 (7th Cir. 2020)). In the Seventh Circuit, "a district court engages in an analysis that proceeds in two distinct phases to decide whether such relief is warranted: a threshold phase and a balancing phase." *Valencia v. City of Springfield*, 883 F.3d 959, 965 (7th Cir. 2018). In order to proceed beyond the "threshold phase," the party seeking a preliminary injunction must satisfy three requirements via a showing that: "(1) it will suffer irreparable harm in the period before the resolution of its claim; (2) traditional legal remedies are inadequate; and

(3) there is some likelihood of success on the merits of the claim." *HH Indianapolis, LLC v. Consol. City of Indianapolis & Cnty. of Marion*, 889 F.3d 432, 437 (7th Cir. 2018); *see also Finch* at 578 (citing *Speech First*, 968 F.3d at 637); *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.").

Additionally, "[i]f it is plain that the party seeking the preliminary injunction has no case on the merits, the injunction should be refused regardless of the balance of harms." *Valencia*, 883 F.3d at 966 (quoting *Green River Bottling Co. v. Green River Corp.*, 997 F.2d 359, 361 (7th Cir. 1993)). "The two most important considerations are likelihood of success on the merits and irreparable harm." *Nken v. Holder*, 556 U.S. 418, 434 (2009). Moreover, regarding the likelihood of success on the merits, "[i]t is not enough that the chance of success on the merits be 'better than negligible.'" *Id.* (quoting and disapproving *Sofinet v. INS*, 188 F.3d 703, 707 (7th Cir. 1999)); *see also Ill. Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020) ("[A]n applicant for preliminary relief bears a significant burden, even though the Court recognizes that, at such a preliminary stage, the applicant need not show that it definitely will win the case. A 'strong' showing thus does not mean proof by a preponderance—once again, that would spill too far into the ultimate merits for something designed to protect both the parties and the process while the case is pending. But it normally includes a demonstration of how the applicant proposes to prove the key elements of its case.").

If the threshold requirements are met, "the court must balance the equities, weighing the harm to the moving party if the requested injunction is denied against the harm to the nonmoving party and the public—including third parties—if it is granted." *Finch* at 578 (citing *Cassell*, 990 F.3d at 545). In the second phase, "the court weighs the harm of denying an injunction to the movant against the harm of granting an injunction to the nonmovant." *Grubhub Inc. v. Relish Labs LLC*, 80 F.4th 835, 844 (7th Cir. 2023). This is accomplished via "a sliding scale—the greater the movant's likelihood of success on the merits, the less the harms need be in its favor." *Id.* (citing *Life Spine, Inc. v. Aegis Spine, Inc.*, 8 F.4th 531, 539 (7th Cir. 2021). The court must also consider the public interest. *Id.*

Additionally, "[t]he Supreme Court has recognized that in some limited situations, a court may properly issue ex parte orders of brief duration and limited scope to preserve the status quo pending a hearing." *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 321 (7th Cir. 1984) (citing *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438–39 (1974); *Carroll v. President of Princess Anne*, 393 U.S. 175, 180 (1968)). That being said, "the circumstances in which an ex parte order should be granted are extremely limited" and "they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Id.* at 321; *id.* at 322 (citing *Granny Goose Foods* at 438–39).

## ANALYSIS

Federal Rule 65(b) is clear that a temporary restraining order will be issued without notice to the other party only if (1) "specific facts in an affidavit or a verified

complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and (2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." FED. R. CIV. P. 65(b). The Seventh Circuit has recognized that "[e]x parte temporary restraining orders are most familiar to courts where notice to the adversary party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing." *Mansukhani* at 322; *see* FED. R. CIV. P. 65(b).

Even if notice can be provided, an exception is provided for the "very narrow band of cases in which ex parte orders are proper because notice to the defendant would render fruitless the further prosecution of the action." *Mansukhani* at 322 (citing *In re Vuitton et Fils S.A.*, 606 F.2d 1, 5 (2d Cir. 1979)). In *Vuitton*, the Second Circuit granted the plaintiff's motion for temporary restraining order because "it was highly probable that the [defendant trademark] infringer would dispose of the infringing goods in the few hours before the hearing." *Vuitton* at 5; *see Mansukhani* at 322 (citing *Vuitton* at 5).

Regarding his Motion and Memorandum in Support (Docs. 3, 4), Nunnally has failed to meet either of the requirements of Federal Rule of Civil Procedure 65(b)(1). First, Nunnally summarily states in his Complaint and in his Motion the that he has shown a likelihood of success on the merits of his constitutional and quiet title claims, that he will suffer immediate and irreparable harm absent temporary injunctive relief, the balance of equities favors him, and the public interest favors the protection of constitutional due process rights and orderly adjudication of title disputes. (Doc.

3). Beyond this conclusory recitation of the elements for a preliminary injunction, Nunnally goes on in his Memorandum in Support to state that "loss of one's home constitutes irreparable harm," citing *Elrod v. Burns*, 427 U.S. 347 (1976), and that "[m]aintaining possession during adjudication avoids permanent harm and does not harm Defendants." (Doc. 4). Nunnally additionally writes that "[p]ublic interest supports due process, stability of title, and orderly judicial review." (*Id.*). In his Complaint, Nunnally states that he has been personally served in the subsequent eviction action. This Court finds that Nunnally has wholly failed to provide specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition. Nowhere does Nunnally propose he is facing irreparable harm or damage to his rights such that this Court need to issue extraordinary temporary relief. Secondly, he also fails to establish that ex parte relief is warranted here. In fact, Nunnally pleads that he has been provided notice in a separate action regarding the eviction proceedings for the property in question, and provides no basis as to why judicial intervention by this Court is necessary, let alone warranted. Without more, Nunnally falls far short of moving this Court to issue such extraordinary relief as a temporary restraining order here, and therefore will decline to do so.

In short, the Court does not find that Nunnally has provided sufficient justification for an ex parte temporary restraining order in this matter. Therefore, the Court does not reach the merits of his arguments, which will be addressed when

the Court rules on his Motion for Preliminary Injunction (Doc. 3) once the Defendants are provided with an opportunity to respond.

## CONCLUSION

For the reasons set forth above, *pro se* Plaintiff Bradshaw Genard Nunnally's ex parte Emergency Motion for Temporary Restraining Order (Doc. 3) is **DENIED** to the extent he seeks a Temporary Restraining Order. This Court RESERVES RULING on the Motion to the extent Nunnally seeks preliminary injunctive relief.

**IT IS SO ORDERED.**

**DATED:    February 3, 2026**

s/ *Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
