IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRADSHAW GENARD NUNNALLY,

    Plaintiff,

v.

SECRETARY OF VETERANS
AFFAIRS, et al.,

    Defendants.

Case No. 26-CV-00102-SPM

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court are two Motions to Dismiss filed by Defendants Judge Patrick R. Foley and Morgan C. Ragsdale. (Docs. 10, 13). Plaintiff Bradshaw Genard Nunnally did not respond. Having fully considered the issues presented, both Motions are **GRANTED**.

### FACTUAL AND PROCEDURAL BACKGROUND[1]

In 2023, Plaintiff Bradshaw Genard Nunnally's home was foreclosed on after proceedings in the Circuit Court of the 20th Judicial Circuit in St. Clair County, Illinois. (Doc. 2, ¶ 20, p. 12). A foreclosure sale deed was executed and recorded in April 2025, but Nunnally did not receive notice of the sale. (*Id.*, ¶¶ 22–23).

---

[1] The facts are taken from the Complaint, which the Court accepts as true for the purpose of evaluating the Motions to Dismiss. *See Lax v. Mayorkas,* 20 F.4th 1178, 1181 (7th Cir. 2021).

In September 2025, Defendant Morgan C. Ragsdale was apparently an employee of the office of the Circuit Clerk of St. Clair County. Ragsdale certified the issuance of an eviction summons on behalf of the Circuit Clerk's office, informing Nunnally about an upcoming hearing. (*Id.*, pp. 27–29). On November 4, 2025, Illinois 20th Judicial Circuit Court Judge Patrick R. Foley signed an eviction order against Nunnally. (*Id.*, pp. 32–33).

Nunnally commenced this action against Defendants, including Judge Foley and Ragsdale in their official capacities. (*Id.*, ¶ 18). Against Defendants Judge Foley and Ragsdale, Nunnally brings a claim pursuant to 42 U.S.C. § 1983 and seeks declaratory relief that his due process rights were violated and that the eviction process was unlawful. (*Id.*, ¶¶ 18, 28–31).[2] Defendants Judge Foley and Ragsdale have moved to dismiss this action against them, and Nunnally has not filed any response. (Docs. 10, 13).

## ANALYSIS

This action for declaratory relief against Judge Foley and Ragsdale requests that this Court declare that the eviction order in state court is illegal because Nunnally was not afforded due process. (*See* Doc. 2, ¶¶ 18, 28–31, pp. 27–29, 32–33). Because this action seeks a result that would either influence an ongoing state court

---

[2] Although Nunnally states that he seeks injunctive relief against Defendants Judge Foley and Ragsdale, Nunnally seeks only a temporary restraining order (which this Court denied, (Doc. 6)) and a preliminary injunction. (Docs. 2, 3, 7). Because this injunction relief is limited to the duration of the action, it need not be adjudicated as part of this Order on the Motions to Dismiss. *See Lackey v. Stinnie*, 604 U.S. 192, 200 (2025), (quoting *University of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981) ("The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held")).

proceeding or contradict a state court order, it cannot be brought in federal district court.

Under the abstention doctrine established in *Younger v. Harris*, 401 U.S. 37 (1971), federal courts must abstain from actions "where federal court intervention would intrude . . . into civil proceedings implicating a state's interest in enforcing orders and judgments of its courts," *J.B. v. Woodard*, 997 F.3d 714, 722 (7th Cir. 2021) (citing *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013)). Similarly, under the abstention doctrine established in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), federal courts other than the United States Supreme Court may not adjudicate "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced," *J.B.*, 997 F.3d at 722 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

Here, Judge Foley issued an eviction order that, according to the Complaint, has yet to be effectuated. (*Id.*, ¶ 25, pp. 32–33). If judicial proceedings are ongoing, Nunnally cannot bring a challenge relating to those ongoing proceedings because *Younger* abstention precludes this Court from hearing such an action. *See Hollis v. Fear*, No. 3:24-CV-1211-NJR, 2024 WL 2801529, at *2–3 (S.D. Ill. May 31, 2024) (*Younger* abstention prevents federal district court from interfering with state court ongoing eviction action). Although abstention may not be appropriate where there is "great and immediate irreparable injury to the federal plaintiff," *Moore v. Sims*, 442 U.S. 415, 423 (1979), "the burden on this point rests on the federal plaintiff to show

'that state procedural law barred presentation of [its] claims,'" *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987) (quoting *Moore*, 442 U.S. at 432). Nunnally has made no such showing here.

If the eviction action has been concluded, Nunnally cannot bring this action against Defendants Judge Foley and Ragsdale because this Court does not have appellate jurisdiction over the state court eviction decision. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (quoting *Rooker*, 544 U.S. at 416) ("Federal district courts, the *Rooker* Court recognized, lacked the requisite appellate authority [to review state court decisions], for their jurisdiction was 'strictly original.'"). Because this Court must abstain from hearing Nunnally's claims against Judge Foley and Ragsdale, the claims must be dismissed.

### CONCLUSION

For the reasons set forth above, the Motions to Dismiss are **GRANTED**. Nunnally's claims against Judge Foley and Ragsdale are **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

**DATED: June 8, 2026**

**Stephen P. McGlynn**
**U.S. District Judge**